IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENAIDA TEVES, | No. C 10-779 SI |
| Plaintiff, | **ORDER RE: PLAINTIFF'S JANUARY 4, 2011 LETTER** |
| v. | |
| BANK OF AMERICA, | |
| Defendant. | |

The Court has received a letter from plaintiff dated January 4, 2011. In that letter, plaintiff references a letter that she received from defense counsel regarding the upcoming deposition of plaintiff, currently set for January 11, 2011. Plaintiff's January 4, 2011 letter states that she is concerned that if the deposition goes forward and defendant ultimately prevails in this case, that plaintiff will be liable for costs incurred in taking this deposition.

The Court informs plaintiff that although plaintiff has been granted *in forma pauperis* status, she nevertheless may be responsible for deposition costs (such as the court reporter's fees) in the event defendant prevails in this case. *See* 28 U.S.C. § 1915(f)(1); *see also* Fed. R. Civ. P. 54(d)(1). However, the taxation of costs lies within the trial court's discretion. *In re Media Vision Tech. Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996). If the district court wishes to depart from the presumption in favor of awarding costs, it must give reasons for doing so by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Assoc. of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). District courts may consider a variety of factors in determining whether to exercise their discretion to deny costs to the prevailing party. These factors include great economic disparity between the parties, and the losing party's limited

financial resources. *Id.* Accordingly, the Court informs plaintiff that in the event defendant prevails in this case and seeks costs against plaintiff, the Court would consider plaintiff's limited financial resources in determining whether to exercise its discretion to deny costs.

The Court directs the parties to meet and confer regarding whether plaintiff's deposition will go forward on January 11, 2011, or whether the parties wish to reschedule the deposition in light of the ongoing settlement negotiations referenced in defense counsel's December 23, 2010 letter.

**IT IS SO ORDERED.**

Dated: January 10, 2011

SUSAN ILLSTON
United States District Judge